IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAHEEM WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 19-1196 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | Chief Magistrate Judge Cynthia Reed Eddy |
| DENICE SMYTH, M.D., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

This case has been referred to Chief United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On October 28, 2021, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. 90) recommending that Defendant Denice Smyth, M.D. ("Defendant Smyth")'s Motion (Doc. 73) for summary judgment be granted. Service of the R&R was made on the parties, and Plaintiff filed Objections, to which Defendant Smyth filed a Response in Opposition. *See* Docs. 93 and 95.

After a *de novo* review of the pleadings and documents in the case, together with the R&R and the Objections and Response thereto, the following Order is entered:

Defendant Smyth's Motion (**Doc. 73**) for summary judgment is **GRANTED**; Plaintiff's "Motion for Denial of Defendant's Motion for Summary Judgment" (**Doc. 85**) is **DENIED**; the

claims against the twenty-five John and Jane Does are **DISMISSED**;[1] and the R&R (**Doc. 90**) is adopted as the Opinion of the District Court.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case as CLOSED.[2]

IT IS SO ORDERED.

December 13, 2021                               s\Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge

cc:

RAHEEM WILLIS
EV 0159
SCI Greene
175 Progress Drive
Waynesburg, PA 15370
(via U.S. First Class Mail)

Alexander R. Ferrante
(via ECF electronic notification)

---

[1] *See* R&R at 2 n.2
[2] Plaintiff's Motion for Appointment of Counsel (Doc. 94) is denied. The prior denial (see Docs. 60, 63) is law of the case, and the legal standards for reconsideration have not been met. *See Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (requiring a change in controlling law; newly-acquired and previously unavailable evidence; clear error of law or fact; or manifest injustice).